IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 25, 2017 at Knoxville

## STATE OF TENNESSEE v. MICHAEL SMITH

**Appeal from the Circuit Court for Hardeman County**
**No. 6139      J. Weber McCraw, Judge**

_____

**No. W2016-01513-CCA-R3-CD**

_____

The pro se defendant, Michael Smith, appeals the summary denial of his motion to correct clerical errors on the face of an order suspending a forty-month sentence for a felony escape conviction. The defendant argues the trial court actually resentenced him to one year, time served, and the order did not accurately reflect this ruling. The defendant further argues the trial court should have entered an amended judgment reflecting the resentencing. On review, we conclude the record is insufficient to support the defendant's arguments and affirm the trial court's denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Michael W. Smith, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlyn Smith, Assistant Attorney General; Mike Dunavant, District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Facts and Procedural History

While unclear from the record presented by the defendant, this Court previously summarized the pertinent underlying facts and procedural history in a variety of opinions. Those opinions and our review of the present record indicate that on March 13, 1997, the defendant pled guilty to two counts of rape, two counts of aggravated burglary, and five

misdemeanor offenses, receiving concurrent sentences of ten years for each rape conviction, six years for each aggravated burglary conviction, and eleven months, twenty-nine days for each misdemeanor conviction. *Michael Wade Smith v. State*, No. W1999-01817-CCA-R3-PC, 2000 WL 1664262, at *1 (Tenn. Crim. App. Oct. 23, 2000). In a subsequent petition for post-conviction relief, the defendant alleged he unknowingly and involuntarily entered into the guilty pleas after receiving ineffective assistance of counsel. *Id*. The post-conviction court denied the petition. *Id*.

Upon review, this Court found other grounds for setting aside the defendant's guilty pleas. *Id*. Because the second rape and aggravated burglary offenses were committed while the defendant was out on bond for the initial charges, the guilty plea agreement violated Tennessee Code Annotated section 40-20-111(b), requiring the sentence for a felony committed while on bail to be served consecutive to the sentence for the initial felony charge. *Id*. This Court concluded, "[s]ince the [defendant] entered his pleas of guilty with the belief that all sentences would be served concurrently, we do not know whether he would have done so had he known the requirement regarding consecutive sentencing." *Id*. at *3. We, therefore, remanded the matter to the trial court with instructions it allow the petitioner to withdraw his guilty plea. *Id*.

On July 26, 1997, after pleading guilty to the rape and aggravated burglary charges but prior to this Court's remand of his guilty pleas to the trial court, the defendant escaped from prison in Hardeman County and was found nearby several hours later. *State v. Michael W. Smith*, No. W1999-02413-CCA-R3-PC (Tenn. Crim. App. Oct. 11, 2000). The defendant then pled guilty to felony escape on May 8, 1998. *Id*. Due to his criminal record, the defendant was sentenced as a Range II multiple offender and received a sentence of forty months. *Id*. Following a hearing on October 5, 2001, the trial court entered an order on December 3, 2001, suspending the remainder of the defendant's sentence for felony escape. The language used in this order appears to be the basis for the defendant's current appeal.

Following the remand of his aggravated burglary and rape convictions, on April 29, 2003, the defendant pled guilty to one count of rape and one count of attempted rape with consecutive sentences of eight years at 100% for the rape conviction and three years at 30% for the attempted rape conviction. *Michael W. Smith v. State*, No. W2005-00246-CCA-R3-PC, 2005 WL 3447679, at *1 (Tenn. Crim. App. Dec. 14, 2005) *perm. app. denied* (Tenn. Apr. 24, 2006). The remaining charges were dismissed. *Id*. On May 12, 2004, the defendant filed a petition for post-conviction relief alleging his second guilty plea to rape and attempted rape was unknowingly and involuntarily entered. *Id*. The post-conviction court denied this motion, and this Court affirmed the denial. *Id*. at *5.

On December 6, 2006, the defendant was arrested for violation of probation in the felony escape matter. The defendant filed a petition for habeas corpus alleging "'the petitioner is not and has never been on probation as to this cause,' and that 'the petitioner received time served from the Honorable [Jon] Kerry Blackwood, Judge, in open court in October 2001 per D.A. Office's request.'" *Michael W. Smith v. Delphus Hicks, Sheriff*, No. W2007-00320-CCA-R3-HC, 2007 WL 4146227, *1 (Tenn. Crim. App. Nov. 21, 2007). The defendant did not include copies of the judgments of conviction that caused his illegal detention, and, therefore, failed to comply with the mandatory statutory requirements for obtaining habeas corpus relief. *Id*. at *2. For this reason, we affirmed the trial court's dismissal of the defendant's petition. *Id*.

At some point thereafter, the State filed another violation of probation warrant, again alleging the defendant violated the terms of his probation sentence for felony escape. The trial court held a hearing on January 15, 2008, during which the defendant argued the warrant should be dismissed. The trial court granted the motion to dismiss and found the December 3, 2001 order suspending the defendant's felony escape sentence "was silent as to the terms of the suspended sentence and therefore defendant was not aware of [the] terms of probation." The trial court then placed the defendant on probation for the remaining thirteen months of his felony escape sentence.

On April 24, 2011, the defendant filed another petition for post-conviction relief in the rape and aggravated burglary case, this time alleging the State withheld exculpatory evidence that would have proven his innocence. *Michael W. Smith. v. State*, No. W2012-01073-CCA-R3-PC, 2012 WL 6206305, *1 (Tenn. Crim. App. Dec. 11, 2012). The post-conviction court dismissed the petition. *Id*. at *1. This Court affirmed the dismissal on appeal, concluding the first post-conviction petition was resolved on the merits by a court of competent jurisdiction, so the post-conviction court properly dismissed the second petition. *Id*. at *2.

On June 20, 2016, the defendant filed a motion to correct clerical errors, alleging the December 3, 2001 order suspending his sentence erroneously recorded the oral ruling of the trial court and, therefore, multiple subsequent orders are invalid. The trial court dismissed the petition without a hearing. This timely appeal followed.

### *Analysis*

On appeal, the defendant asserts the trial court erred when denying his Tennessee Rule of Criminal Procedure 36 ("Rule 36") motion because on October 5, 2001, the trial court did not suspend his sentence; it instead resentenced him to one year of incarceration for the felony escape conviction. Rather than provide the transcript from the October 5, 2001 hearing as proof the written order inaccurately documented the trial court's ruling,

the defendant argues the trial court did not have authority to suspend the felony escape sentence because the sentence was invalidated after the underlying felony convictions used to enhance the sentencing range were vacated by this Court. The defendant asserts that as a result, several orders of the trial court are invalid, including the order suspending his sentence dated December 3, 2001, and the subsequent orders addressing his alleged violation of probation.

Rule 36 gives the trial court the authority to correct a clerical error on a judgment at any time when, due to a clerical mistake, oversight, or omission, it fails to accurately record a defendant's sentence. Tenn. R. Crim. P. 36; *see also State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). Clerical errors arise "simply from a clerical mistake in filling out the uniform judgment document." *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011). When considering whether there has been a clerical error, this Court has held:

> "In making changes for clerical error, the record on the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final."

*State v. Tony Arthur Swan*, No. E2015-01516-CCA-R3-CD, 2017 WL 2483000, *2 (Tenn. Crim. App. June 8, 2017) (emphasis omitted), (*quoting State v. Jack Lee Thomas, Jr.*, No. 03C01-9504-CR-00109, 1995 WL 676396, *1 (Tenn. Crim. App. Nov. 15, 1995)). A trial court's ruling on a Rule 36 motion is reviewed under an abuse of discretion standard. *Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014).

In the present matter, the defendant maintains the order suspending his felony escape sentence, dated December 3, 2001, inaccurately reflected the oral ruling of the trial court made October 5, 2001. The defendant, however, failed to include the transcript from the October 5, 2001, hearing in the record on appeal. Without this record, we are unable to determine whether the December 3, 2001 order contains a clerical error entitling the defendant to relief under Rule 36. The defendant is not entitled to the requested relief.

## *Conclusion*

In accordance with the aforementioned reasoning and authorities, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE